UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL J. COWICK,

      Petitioner,

    v.                                                  Case No. 07-C-0197

PAM WALLACE, MATTHEW J. FRANK,
and DAVID H. SCHWARTZ,

      Respondents,

**ORDER ON RULE 4 REVIEW**

On March 1, 2007, the petitioner, Daniel J. Cowick ("Cowick"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition and the attachments thereto, on July 12, 1999, Cowick was convicted in the Kenosha County Circuit Court of two counts of forgery-uttering as a party to a crime, all in violation of Wis. Stat. § 943.38(2) and 939.05. Cowick was sentenced to seven years probation on each count. He was also sentenced to eight years imprisonment on count one and seven years imprisonment on count two, each sentence to run consecutively to one another. The imprisonment terms were imposed and stayed.

On July 24, 2002, the Wisconsin Department of Corrections filed a "Notice of Violation" recommending that Cowick's probation be revoked. Thereafter, on November 12, 2002, an Administrative Law Judge issued a decision ordering that Cowick's probation be revoked. On December 3, 2002, the Division of Hearings and Appeals denied Cowick's appeal of the ALJ's November 12, 2002 decision. On January 13, 2003, Cowick filed a petition for a writ of certiorari in the Kenosha County Circuit Court, and on August 11, 2003, such petition was dismissed. On

September 13, 2003, Cowick filed a notice of appeal, and on October 26, 2005, the Wisconsin Court of Appeals affirmed the circuit court's order dismissing the petition for a writ of certiorari. Thereafter, on February 27, 2006, the Wisconsin Supreme Court denied Cowick's petition for review.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in part, that

> [t]he petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading with the period of time fixed by the court or take such other action as the judge deems appropriate.

I cannot say at this time that it "plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief in the district court." Thus, the respondent will be ordered to file an answer to the petition for a writ of habeas corpus.

Accompanying Cowick's habeas petition was an application to proceed in forma pauperis. In his in forma pauperis petition, Cowick avers that he is currently unemployed and his total monthly income is $4.00 per month. He also avers that he owes $119.00 for transcripts in another legal action, and $125 for a fine in another legal action. Cowick's prison trust account activity statement (which is attached to his application) indicates that, as of February 26, 2007, Cowick had $7.05 in his prison trust account. Title 28 U.S.C. § 1915(a)(1) provides, in pertinent part, that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without pre-payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that

the person unable to pay such fees or give security therefor." I am satisfied that Cowick has met the financial requirements for in forma pauperis status. Consequently, his petition to proceed in forma pauperis will be granted.

**NOW THEREFORE IT IS ORDERED** that, on or before May 14, 2007, the respondent shall file an answer to the petition for a writ of habeas corpus. After the court has had an opportunity to review the respondent's answer, it will set a briefing schedule on the issues raised in the petition, if it deems such briefing to be necessary and appropriate;

**IT IS FURTHER ORDERED** that the petitioner's motion to proceed in forma pauperis be and hereby is **GRANTED**.

**SO ORDERED** this 27th day of March 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge